KIBLER FOWLER & CAVE LLP
Matthew J. Cave (SBN 280704)
mcave@kfc.law
John D. Fowler (SBN 271827)
jfowler@kfc.law
Tracy B. Rane (SBN 192959)
trane@kfc.law
11100 Santa Monica Blvd., Suite 360
Los Angeles, California 90025
Telephone:   (310) 409-0400
Facsimile:   (310) 409-0401

*Attorneys for Plaintiff*
*Iceberg Records A/S*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| ICEBERG RECORDS A/S, a Danish corporation,<br><br>Plaintiff,<br><br>v.<br><br>WILLIAM ADAMS, JR. p/k/a WILL.I.AM, an individual; ALLEN PINEDA LINDO p/k/a APL.DE.AP; JAIME LUIS GOMEZ p/k/a TABOO, an individual; BEP MUSIC, LLC, a Delaware limited liability company; SONY MUSIC ENTERTAINMENT, a Delaware general partnership; RAMON LUIS AYALA-RODRIGUEZ p/k/a DADDY YANKEE, an individual; YONATAN GOLDSTEIN, an individual; and DOES 1-10, inclusive<br><br>Defendants. | CASE NO. 2:24-cv-01893<br><br>**COMPLAINT FOR:**<br><br>**1. DIRECT COPYRIGHT INFRINGEMENT;**<br>**2. CONTRIBUTORY COPYRIGHT INFRINGEMENT; and**<br>**3. FRAUD**<br><br>DEMAND FOR JURY TRIAL |

Plaintiff Iceberg Records A/S ("Plaintiff"), demanding trial by jury, complains and alleges as follows:

## INTRODUCTION

1.  This is a clear-cut copyright infringement case. Plaintiff's song, "Scatman (ski-ba-bop-ba-dop-bop)" by Scatman John, is one of the most recognizable dance songs in the world, made famous by Scatman John's unique style of scat singing. To date, the song alone has amassed hundreds of millions of streams and topped charts across the globe.

2.  In 2022, Plaintiff granted Defendants a limited license to use the musical composition for the song in their hit single "Bailar Contigo (feat. Daddy Yankee)" by Black Eyed Peas.

3.  Defendants assured Plaintiff that the master would not be used, and were specifically advised by Plaintiff that "[r]ights to the recording of the original (so called master rights) are not subject" to the parties' license agreement and "require separate licensing."

4.  Defendants' assurances turned out to be pretense: once the Black Eyed Peas' song was released, Plaintiff discovered that Defendants had, in fact, used the master in Bailar Contigo without authorization. Plaintiff therefore brings this action for direct and contributory infringement against Defendants pursuant to the Copyright Act of 1976, 17 U.S.C. §§ 101 *et seq.*, and for fraud, to enjoin Defendants from further exploiting the work and to recover damages.

## JURISDICTION AND VENUE

5.  This Court has jurisdiction over Plaintiff's copyright claims under 28 U.S.C. §§ 1331, 1332, and 1338. This Court has supplemental jurisdiction over Plaintiff's related state law claim for fraud pursuant to 28 U.S.C. § 1367(a) because it is so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

6. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) and (c), and 28 U.S.C. § 1400(a) because the claims arise in and the Defendants transact business in this Judicial District.

**PARTIES**

7. Plaintiff is a Danish corporation with its principal place of business located in Silkeborg, Denmark. Plaintiff is an independent record label focusing on pop, singer/songwriter, alternative and rock music genres.

8. On information and belief, Defendant William Adams, Jr. p/k/a will.i.am ("will.i.am") is an individual who resides in Los Angeles, California. will.i.am is a world renowned musician and member of the musical group Black Eyed Peas. On information and belief, will.i.am routinely conducts business in Los Angeles, California.

9. On information and belief, Defendant Allen Pineda Lindo p/k/a apl.de.ap ("apl.de.ap") is an individual who resides in Los Angeles, California. apl.de.ap is a world renowned musician and member of the musical group Black Eyed Peas. On information and belief, apl.de.ap routinely conducts business in Los Angeles, California.

10. On information and belief, Defendant Jaime Luis Gomez p/k/a Taboo ("Taboo") is an individual who resides in Los Angeles, California. Taboo is a world renowned musician and member of the musical group Black Eyed Peas. On information and belief, Taboo routinely conducts business in Los Angeles, California.

11. On information and belief, Defendant BEP Music, LLC ("BEP") is a Delaware limited liability company that is authorized to conduct business in the State of California and maintains its principal place of business at 11400 West Olympic Boulevard, Suite 350, Los Angeles, California 90064. Plaintiff is informed and believes that BEP is a record label founded by members of Black Eyed Peas in or around 2009.

1     12.    On information and belief, Defendant Sony Music Entertainment ("Sony") is a Delaware general partnership that is authorized to conduct business in the State of California and maintains offices in Los Angeles, California. Plaintiff is informed and believes that the record label known as Epic Records is a subdivision of Sony.

13.    On information and belief, Defendant Ramon Luis Ayala-Rodriguez p/k/a Daddy Yankee ("Daddy Yankee") is an individual who resides in the Commonwealth of Puerto Rico. Daddy Yankee is a world renowned musician that, on information and belief, routinely conducts business in Los Angeles, California.

14.    On information and belief, Defendant Yonatan Goldstein ("Goldstein") is an individual who resides in Los Angeles, California. Goldstein is a record producer and songwriter that, on information and belief, routinely conducts business in Los Angeles, California.

15.    Defendants Does 1 through 10 are sued by fictitious names as their true names are currently unknown to Plaintiff. Plaintiff will seek leave to amend this complaint to allege the true identities of these Defendants when the same have been ascertained.

16.    Plaintiff is informed and believes that at all relevant times, all Defendants were the agents and/or co-conspirators of their co-defendants, and in doing the things hereinafter alleged, were acting within the course and scope of their authority as those agents and/or co-conspirators, and with the permission and consent of their co-defendants.

## GENERAL ALLEGATIONS

*Plaintiff's Work:*

*"Scatman (ski-ba-bop-ba-dop-bop)" by Scatman John*

17.    Since its inception in 1982 by Manfred Zähringer, Plaintiff has built a distinctive international network, allowing several of its artists to gain worldwide recognition, through releases by both major and independent labels. The most

notable of those artists was John Larkin, now better known as Scatman John.

18. Mr. Zähringer met Mr. Larkin in Frankfurt, Germany in the early 1990s and encouraged Mr. Larkin to combine his unique style of scat singing with modern dance and hip hop music. Shortly thereafter, in 1993, Mr. Larkin recorded his first single, "Scatman (ski-ba-bop-ba-dop-bop)" (the "Song").

19. The Song was an instant global success, prompting Mr. Larkin to permanently adopt the stage name Scatman John. Since then, Scatman John's music has sold 4.5 million albums, 4.5 million singles, and over 35 million compilations globally, receiving 17 gold and 22 platinum awards. The Song alone has been streamed hundreds of millions of times to date.[1]

20. By assignment, Plaintiff owns 50% of the publishing rights and 100% of the master recording rights to the Song, which was registered with the United States Copyright Office on November 21, 1995 (Reg. No. SR0000197635).

*The License Agreement*

21. In or around October 2022, Defendants submitted a Clearance Request Form through DMG Clearances, Inc. to obtain a license to sample the composition of the Song in a new work titled "Bailar Contigo (feat. Daddy Yankee)" by Black Eyed Peas (the "Derivative Work"). In discussing the license, Defendants made clear that the master was not used in the Derivative Work.

22. Based on Defendants' representations, Plaintiff agreed to license the work and, on October 12, 2022, sent Defendants an email stating in relevant part:

> We hereby agree to the ***use of extracts from the composition*** "Scatman" written by John Larkin and Antonio Nunzio Catania ("the Original Work") within the new work entitled "Bailar Contigo (ft Daddy Yankee)" ("the New Work") as performed by Black Eyed Peas ("the Artist").

---

[1] The official music video for the Song currently has over 198 million views on YouTube. *See* https://www.youtube.com/watch?v=Hy8kmNEo1i8.

Clearance is granted throughout the World on the basis that Iceberg Publishing A/S and Edition Scales acquire a 75%% [sic] copyright ownership interest in and to the New Work, on a most favoured nations basis. Additionally Iceberg Publishing A/S acquires a 5% net income of the master of "Bailar Contigo (ft. Daddy Yankee)"

***Rights to the recording of the original work (so called master rights) are not subject of this approval and require separate licensing by the respective right holder.***

23.     On December 6, 2022, DMG Clearances, Inc. sent a letter confirming the limited license, which states in relevant part:

We are writing to confirm your approval and quote whereby ALL PUBLISHERS have ***agreed to license the below noted sampled composition*** for inclusion in the song "Bailar Contigo (feat. Daddy Yankee)" by Black Eyed Peas.  It is our understanding that ALL PUBLISHERS warrant and represent that they are authorized, empowered, and able to enter into and fully perform its obligations under these terms.

### *Defendants' Infringing Work:*
### *"Bailar Contigo (feat. Daddy Yankee)" by Black Eyed Peas*

24.     Plaintiff is informed and believes that the Derivative Work was first released as part of the album *Elevation* by Black Eyed Peas on November 11, 2022, through Sony's Epic Records and BEP.  Plaintiff is further informed and believes that the Derivative Work was then released as a single on March 10, 2023, with the official music video being published to YouTube on March 31, 2023, where it currently has over 41 million views.[2]  In addition to the album and single releases, Plaintiff is informed and believes that Defendants have since released at least seven remixes of the Derivative Work.

25.     Plaintiff is informed and believes that the Derivative Work was written by will.i.am, apl.de.ap, Taboo, Daddy Yankee, Goldstein, and Mr. Larkin and Antonio Nunzio Catania (the original authors of the Song).  Plaintiff is further

---

[2] For reference, the official music video for the Derivative Work can be found here: https://www.youtube.com/watch?v=heihCpHHjbA.

1 informed and believes that will.i.am and Goldstein also produced the Derivative
2 Work.
3     26.    After comparing the tracks, it is apparent that the Derivative Work and
4 the Song are so strikingly similar that Defendants have used the sound recording of
5 the Song, rather than just the composition, as agreed.
6     27.    Although it appears that Defendants attempted to manipulate the sound
7 recording slightly to hide their infringement, the work remains so strikingly similar
8 to the Song that it could not have been created without using the Song's sound
9 recording.
10     28.    It became apparent that Defendants simply lied to Plaintiff about not
11 using the sound recording in order to avoid paying a larger licensing fee.
12     29.    Plaintiffs bring this lawsuit for copyright infringement and fraud to
13 enjoin Defendants from further exploiting its work and to recover damages.

## FIRST CAUSE OF ACTION

### Direct Copyright Infringement

### (Plaintiff against All Defendants)

17     30.    All previous allegations are realleged and incorporated herein by
18 reference.
19     31.    Plaintiff is the sole owner by assignment of all exclusive rights in the
20 sound recording of the Song, which was registered with the United States Copyright
21 Office on November 21, 1995 (Reg. No. SR0000197635).
22     32.    Defendants had access to and have directly copied the sound recording
23 of the Song by incorporating it into the Derivative Work.
24     33.    Plaintiff has not granted any license to Defendants or otherwise
25 permitted Defendants to use its sound recording of the Song.
26     34.    As such, Defendants have directly infringed and are continuing to
27 directly infringe Plaintiff's exclusive rights under 17 U.S.C. § 114, including but not
28 limited to Plaintiff's exclusive rights to reproduce, prepare derivative works,

1  distribute, and perform the Song publicly by means of a digital audio transmission.
2  *See* 17 U.S.C. § 106.

3      35.    As an actual and proximate result of Defendants' copyright
4  infringement, as described herein, Plaintiff has suffered and will continue to suffer
5  damages in an amount to be proven at trial.

6      36.    On information and belief, Defendants' copyright infringement was
7  committed maliciously, fraudulently, and oppressively with willful and conscious
8  disregard of Plaintiff's rights and with the wrongful intent to injure Plaintiff.

9      37.    Unless Defendants are restrained from further infringing Plaintiff's
10 exclusive rights, Plaintiff will suffer irreparable injury without an adequate remedy
11 at law.  Accordingly, Plaintiff seeks a declaration that Defendants are infringing
12 Plaintiff's copyrights and an order under 17 U.S.C. § 502 enjoining Defendants
13 from any further infringement of Plaintiff's copyrights.

## SECOND CAUSE OF ACTION
### Contributory Copyright Infringement
### (Plaintiff against All Defendants)

17     38.    All previous allegations are realleged and incorporated herein by
18 reference.

19     39.    To the extent any Defendant did not directly infringe Plaintiff's work,
20 Plaintiff is informed and believes that those Defendants induced, caused, and/or
21 materially contributed to the infringing activity described herein by permitting and
22 encouraging Defendants to directly copy the sound recording of the Song.

23     40.    On information and belief, Defendants knew or had reason to know that
24 materially contributing to the use of Plaintiff's copyrighted material for purposes of
25 trade would contribute to infringement of Plaintiff's copyrighted material.

26     41.    As an actual and proximate result of Defendants' contributory
27 copyright infringement, as described herein, Plaintiff has suffered and will continue
28 to suffer damages in an amount to be proven at trial.

42. On information and belief, Defendants' contributory copyright infringement was committed maliciously, fraudulently, and oppressively with willful and conscious disregard of Plaintiff's rights and with the wrongful intent to injure Plaintiff.

43. Unless Defendants are restrained from further infringing Plaintiff's exclusive rights, Plaintiff will suffer irreparable injury without an adequate remedy at law. Accordingly, Plaintiff seeks a declaration that Defendants are infringing Plaintiff's copyrights and an order under 17 U.S.C. § 502 enjoining Defendants from any further infringement of Plaintiff's copyrights.

## THIRD CAUSE OF ACTION

### Fraud

**(Plaintiff against All Defendants)**

44. All previous allegations are realleged and incorporated herein by reference.

45. Defendants represented to Plaintiff that they did not use the sound recording of the Song in creating the Derivative Work.

46. Plaintiff is informed and believes that Defendants' representation was false and made in order to avoid paying a higher license fee for the sound recording of the Song.

47. Plaintiff is informed and believes that Defendants knew that the representation was false when they made it, or else made the representation recklessly and without regard for its truth.

48. Plaintiff reasonably relied on Defendants' representation, as evidenced by the fact that it granted Defendants a license to use the Song's composition instead of the sound recording.

49. As a direct and proximate result of Defendants' fraud, Plaintiff has been damaged in an amount to be proved at trial.

//

50. Defendants' fraud as described herein was made with a conscious disregard of Plaintiff's rights, with the intent to harm, vex, annoy, and/or harass Plaintiff. Such conduct was unauthorized and constitutes oppression, fraud, and/or malice under California Civil Code § 3294, entitling Plaintiff to an award of punitive damages in an amount appropriate to punish or set an example of the offending parties as determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for judgment against Defendants, and each of them, as follows:

A. An award of damages in an amount to be determined at trial;

B. An order imposing a constructive trust on the money wrongfully obtained;

C. Attorneys' fees and costs of suit incurred herein, pursuant to 17 U.S.C. § 505;

D. Punitive damages;

E. Statutory damages;

F. Injunctive relief;

G. Pre-judgment interest as provided by law; and

H. An award of any other and further relief that the Court deems just and proper.

Dated: March 8, 2024               KIBLER FOWLER & CAVE LLP

By: _____
MATTHEW J. CAVE
JOHN D. FOWLER
TRACY B. RANE
Attorneys for Plaintiff Iceberg Records A/S

**DEMAND FOR JURY TRIAL**

Plaintiff Iceberg Records A/S hereby demands trial by jury pursuant to Federal Rule of Civil Procedure 38(b), 28 U.S.C. § 38, and Local Rule 38-1.

Dated: March 8, 2024

KIBLER FOWLER & CAVE LLP

By: _____
MATTHEW J. CAVE
JOHN D. FOWLER
TRACY B. RANE
Attorneys for Plaintiff Iceberg Records A/S

11
COMPLAINT